UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA AGRICULTURAL AND
MECHANICAL UNIVERSITY BOARD
OF TRUSTEES ("FAMU TRUSTEES"),

Plaintiff,                                            CASE NO.: 4:10-CV-100-RH-WCS

v.

RK NETMEDIA, INC., a Florida
Corporation, and John/Jane Does 1-8,

Defendants.
_____/

## JOINT STIPULATION AND MOTION FOR RENDITION OF CONSENT FINAL JUDGMENT

Plaintiff FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY BOARD OF TRUSTEES ("FAMU TRUSTEES") and Defendant RK NETMEDIA, INC. ("RK NETMEDIA") ("collectively the "Parties"), having reached agreement regarding the final resolution of the issues raised in the above styled case, respectfully request the Court to accept and render the Consent Final Judgment attached hereto at Exhibit "A" for the following reasons:

### I. Contentions and Agreements of the Parties

1.      On or about March 16, 2010, FAMU TRUSTEES filed a Complaint with this Court (the "Complaint") against RK NETMEDIA and John/Jane Does 1-8 ("Doe Defendants"), alleging false or misleading descriptions and misrepresentations under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), federal trademark dilution under Section 43(a) of the Lanham Act, 15 U.S.C. §

1125(c), disparagement and injury to business reputation and trademark dilution under Florida Statute § 495.151 (2009), and common law trademark infringement under Florida law.

2.  In 1887, Florida Agricultural and Mechanical University was founded as a public university of the State of Florida. Plaintiff FAMU TRUSTEES is a constitutionally created entity that administers the Florida Agricultural and Mechanical University.

3.  RK NETMEDIA is a Florida corporation with its principal place of business in Miami Beach, Florida, and the owner and operator of a website with the domain name "daredorm.com."

4.  FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University extensively uses and promotes the initials of its name, "FAMU," as a trademark and service mark.

5.  FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University developed trademark rights in its "FAMU" mark long before RK NETMEDIA's operation of its daredorm.com website.

6.  FAMU TRUSTEES alleges that the "FAMU" mark serves as a powerful and famous indicator of goods and services provided by or otherwise affiliated with Florida Agricultural and Mechanical University.

7.  FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University first used its "FAMU" mark in Florida and interstate commerce in connection with its activities as a public university in 1953.

8. FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University's "FAMU" mark has achieved significant fame and public recognition.

9. FAMU TRUSTEES alleges that because of its widespread use in connection with Florida Agricultural and Mechanical University's activities and merchandise, the "FAMU" mark has tremendous power as a source identifier of Florida Agricultural and Mechanical University.

10. FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University also extensively uses and promotes its tradename, "Rattlers," as a trademark and service mark.

11. FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University developed trademark rights in its "Rattlers" mark long before RK NETMEDIA's operation of its daredorm.com website.

12. FAMU TRUSTEES alleges that the "Rattlers" mark serves as a powerful and famous indicator of goods and services provided by or otherwise affiliated with Florida Agricultural and Mechanical University.

13. FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University first used its "Rattlers" mark in Florida and interstate commerce in connection with its activities as a public university in 1933.

14. FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University's "Rattlers" mark has achieved significant fame and public recognition.

15. FAMU TRUSTEES alleges that because of its widespread use in connection with Florida Agricultural and Mechanical University's activities and

merchandise, the "Rattlers" mark has tremendous power as a source identifier of Florida Agricultural and Mechanical University.

16.     FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University uses an orange and green color scheme in Florida and interstate commerce in connection with its educational services and its licensed apparel and other merchandise, including the uniforms for its athletic teams, souvenirs and memorabilia.

17.     FAMU TRUSTEES alleges that the orange and green color scheme is used prominently and repeatedly in connection with Florida Agricultural and Mechanical University's athletic teams and its many other organizations, activities and services, as well as with goods sold by Florida Agricultural and Mechanical University or its licensees.

18.     FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University first used its orange and green color scheme in Florida and interstate commerce in connection with its educational services in 1887.

19.     FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University uses its orange and green color scheme in connection with its "FAMU" and "Rattlers" marks as an element of its name, logo and design marks, and in numerous other contexts.

20.     FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University used and promoted its orange and green color scheme continuously

and extensively long before RK NETMEDIA's operation of its daredorm.com website.

21.     FAMU TRUSTEES alleges that Florida Agricultural and Mechanical University's orange and green color scheme has achieved significant fame and public recognition, especially when appearing in connection with collegiate activities and events.

22.     FAMU TRUSTEES alleges that because of its widespread use in connection with Florida Agricultural and Mechanical University's activities and merchandise, the orange and green color scheme has tremendous power as a source identifier of Florida Agricultural and Mechanical University, particularly when used in connection with other indicia identifying or suggesting Florida Agricultural and Mechanical University.

23.     FAMU TRUSTEES alleges and RK NETMEDIA does not dispute that RK NETMEDIA owns and operates a website with the domain name "daredorm.com," which depicts individuals engaging in sexually explicit activities in what appears to be college dorm rooms.

24.     FAMU TRUSTEES alleges and RK NETMEDIA does not dispute that RK NETMEDIA posted a full-length video on its "daredorm.com" website depicting eight (8) individuals engaging in multiple acts of sexual intercourse (hereafter the "Video").

25.     FAMU TRUSTEES alleges that the Video is meant to appear as a dorm room on the campus of Florida Agricultural and Mechanical University.

26.     FAMU TRUSTEES alleges and RK NETMEDIA does not dispute that RK NETMEDIA owns all rights, title and interest in the Video.

27.     FAMU TRUSTEES alleges that the subject Video contains visual depictions of, and oral references to, Florida Agricultural and Mechanical University's "FAMU" and "Rattlers" marks, and also depicts Florida Agricultural and Mechanical University's orange and green color scheme in connection with its "FAMU" and "Rattlers" marks.

28.     FAMU TRUSTEES alleges and RK NETMEDIA does not dispute that it did not seek or receive permission from Florida Agricultural and Mechanical University to post the Video or to use any of Florida Agricultural and Mechanical University's marks and other intellectual property in the Video.

29.     FAMU TRUSTEES alleges and RK NETMEDIA does not dispute that none of the individuals depicted in the subject Video are students of Florida Agricultural and Mechanical University, and the Video was not filmed on the campus of Florida Agricultural and Mechanical University.

30.     The Parties agree, notwithstanding that Plaintiff believes it has meritorious claims and Defendant believes it has meritorious defenses thereto, to resolve the above styled case on the terms and conditions set forth herein and agree, without admission of liability, to the issuance of the Order and Judgment contained below to avoid the expense and inconvenience of litigation.

31.     Except as specifically set forth above, RK NETMEDIA does not admit any of Plaintiff's allegations set forth in the Complaint.

32. The Parties stipulate to the Court's rendition of the proposed Consent Final Judgment attached hereto at Exhibit "A."

33. The Parties further stipulate that any violation of their proposed Consent Final Judgment shall be enforceable by injunctive relief, and the Parties stipulate to a finding of irreparable injury resulting from any such violation. RK NETMEDIA hereby agrees that Plaintiff shall not be required to post any bond connection with any request for injunctive relief arising from a violation by RK NETMEDIA of the Consent Final Judgment, however, to the extent that a bond is required by any court of competent jurisdiction in order to obtain or issue an injunction, RK NETMEDIA agrees that the bond shall not exceed $ 500.00. RK NETMEDIA and Plaintiff further acknowledge and agree that in the event RK NETMEDIA violates the Consent Final Judgment, Plaintiff shall be entitled to file a Motion to Enforce Consent Final Judgment and establish the claimed violation, and if successful, Plaintiff shall be immediately entitled to receive and execute on an Order and Final Judgment enjoining any and all such violations and awarding Plaintiff liquidated damages in an amount equal to the then current cost of four (4) Life-Gets-Better scholarships for four (4) Florida residents, which the Parties stipulate are currently valued at $52,500.00 each. The Parties further stipulate that Plaintiff's damages resulting from any violation by RK NETMEDIA of the Consent Final Judgment would not be readily ascertainable, and that the sum stipulated to be paid by RK NETMEDIA as liquidated damages is not so grossly disproportionate to any damages that might reasonably be expected to follow

from such violations as to show that the Parties could have intended only to induce full performance, rather than to liquidate Plaintiff's damages.

34. Plaintiff agrees that upon payment of the amounts set forth in Paragraphs 4(D) and 5 below, all Defendants in this action, including the referenced Doe Defendants and any other party that Plaintiff claims, or could claim, to be responsible for or have any liability with respect to the actions referenced in the Complaint, whether known or unknown to Plaintiff, (collectively referred to herein as the "Doe Defendants"), shall be released from all financial or other responsibility to Plaintiff arising from any claims asserted, or any claims that could be asserted, in the above styled case, other than as provided in this Joint Stipulation and Motion and proposed Consent Final Judgment.

35. RK NETMEDIA agrees to use reasonable efforts to monitor, prevent and assist Plaintiff in stopping any and all other persons and entities from displaying the Video or otherwise making available for viewing the Video on any internet website.

**WHEREFORE**, Plaintiff FAMU TRUSTEES and Defendant RK NETMEDIA respectfully request the Court to accept and render their proposed Consent Final Judgment attached hereto at Exhibit "A."

Respectfully submitted this 7th day of April, 2010.

*[signature]*
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rmitchell@gray-robinson.com
ALLEN C. WINSOR, ESQ.
Florida Bar No.: 0016295
awinsor@gray-robinson.com
MICHAEL D. PORTER, ESQ.
Florida Bar No.: 0031149
mporter@gray-robinson.com
GRAYROBINSON, P.A.
Post Office Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
Lead Trial Counsel for Plaintiff,
Florida Agricultural and Mechanical
University Board of Trustees

-and-

AVERY D. MCKNIGHT, ESQ.
Florida Bar No.: 974633
avery.mcknight@famu.edu
FLORIDA A&M UNIVERSITY
Office of the General Counsel
1601 S. Martin Luther King Blvd., Ste 300
Tallahassee, Florida 32307-3100
(850) 599-3591 Telephone
(850) 561-2862 Facsimile
General Counsel for Plaintiff,
Florida Agricultural and Mechanical
University Board of Trustees

*[signature]*
LAWRENCE G. WALTERS, ESQ.
Florida Bar No.: 776599
Larry@FirstAmendment.com
Walters Law Group
781 Douglas Avenue
Altamonte Springs, Florida 32714
(407) 975-9150 Telephone
(407) 774-6151 Facsimile
Lead Trial Counsel for Defendant,
RK Netmedia